UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FILED
CLERK

2:24 pm, Apr 23, 2021

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

------------------------------------------------------------------X

UNITED STATES OF AMERICA,

   -against-

CARL ANDREWS,

      Defendant.

------------------------------------------------------------------X

**MEMORANDUM AND ORDER**

20-CR-546 (GRB)

**GARY R. BROWN, United States District Judge:**

  In this case, which originated in the Southern District of New York with the arrest of the defendant on February 27, 2019 and continued with the subsequent re-indictment of the defendant in this district, defendant Carl Andrews has been charged with (1) four counts involving sex trafficking offenses and (2) a single count emanating from a narcotics conspiracy. A trial of all charges is set to begin on May 17, 2021. Presently before the Court is defendant's motion seeking dismissal of the first group of counts, contending that the extensive delay in bringing those charges to trial, together with pretrial incarceration of more than two years under particularly harsh conditions imposed by the COVID-19 pandemic, constitutes a violation of his rights under the Speedy Trial Clause of the Sixth Amendment. For the reasons set forth below, the narcotics conspiracy count, which was not charged in the SDNY and is therefore not subject to the motion, will be severed and tried beginning May 17, while the motion and remaining counts will remain *sub judice*.

# BACKGROUND

**Procedural History**

On February 26, 2019, a grand jury sitting in the Southern District of New York returned a sealed indictment charging Andrews and others with various sex trafficking offenses arising largely from conduct which had occurred in 2018 (the "SDNY indictment"). *See* Indictment, *USA v. Randall et al*, No. 19 Cr. 131 (S.D.N.Y. Feb. 26, 2019), ECF Docket Entry ("SDNY DE") 1. Andrews was arrested the next day. Judge Engelmayer, to whom the case was assigned, originally scheduled trial for December 2019, a date which would be twice adjourned at the request of defense counsel to allow adequate time to review discovery and prepare for trial. SDNY DE 175 (setting trial for January 27, 2020), DE 226, 330 (ordering trial to commence on March 9, 2020).

The trial began, but the advent of the COVID-19 pandemic compelled the Court, after days of testimony, to stay the matter and then grant a mistrial. As Judge Engelmayer explained:

> Trial in this case was disrupted by the arrival of the COVID-19 pandemic in New York City. On March 16, 2020, the Court granted defendant's unopposed motion for a stay. Dkt. 358. On March 26, 2020, in recognition "of the worsening [public health] crisis," to which there is no immediate end in sight, defendant moved for a mistrial. Dkt. 362. The Government, by letter, does not oppose this motion. Dkt. 368. The Court, substantially for the reasons stated on the record at the March 16 conference, agrees that a mistrial is realistically necessary under these circumstances. Defendant's motion for a mistrial is hereby granted. Barring a negotiated resolution of this case, the Court intends to set a new trial date once there is greater clarity as to when jury trials in this District will again be viable.
>
> . . . For avoidance of doubt, time is excluded until April 27, 2020, pursuant to section 3161(h)(7)(A) of the Speedy Trial Act, pursuant to the prior order in this case excluding time, pursuant to Chief Judge McMahon's standing order excluding time until that date, and pursuant to this Court's current finding that the interests of justice, particularly in enabling counsel to adapt to the challenges presented by the public health crisis, justify the exclusion.

SDNY DE 369. Carefully balancing the public health emergency, the defendant's liberty interests, a required substitution of counsel and the ability of the Court to safely and fairly conduct a jury

trial, Judge Engelmayer scheduled a retrial for September 21, 2020, and then, with the approval of the Board of Judges, adjourned that date to October 20, 2020.  SDNY DE 383, 450.

Defendant, both orally at conferences and through his counsel, continued to pursue his right to a trial.  *See, e.g.*, SDNY DE 432 (seeking "immediate trial" or dismissal of indictment), 453.  Then, on September 8, 2020, defendant filed a motion to dismiss based upon lack of venue.  SDNY DE 456.  The Government subsequently sought and received several adjournments for its time to respond to the venue motion.

By letter dated September 17, 2020, the Government also moved to again adjourn the trial date to "the first quarter of 2021."  SDNY DE 471.  This request was predicated upon a recently diagnosed medical condition of a key Government witness which would prevent that witness from testifying on the scheduled date.

By letter dated October 14, 2020, counsel for defendant advised the Court that, pursuant to Fed. R. Crim. P. 23(a)(1), defendant waived his right to a jury trial.  SDNY DE 525.  This explicitly arose from the defendant's continued effort to pursue his right to a speedy trial.  "As Mr. Andrews has made abundantly clear, he opposes the adjournment of the jury trial to the first quarter of next year," his counsel wrote, "[b]ut, in light of the Court's ruling, his fallback position is to proceed by way of a bench trial as soon as possible."  *Id.*

By way of response, the Government filed a letter indicating that, in light of defendant's refusal to stipulate to certain testimony, the Government refused to consent to his request for a bench trial, adding "Andrews's trial should proceed before a jury."  DE 530.  Judge Engelmayer subsequently ruled:

> In light of the Government's decision not to consent to a bench trial, the Court is obliged to deny Andrews' motion for a bench trial.  This case will be tried by jury, as early as possible in 2021.  This order is without prejudice to a later motion for a bench trial.  The parties are at liberty to resume discussing whether a stipulation

3

      can be reached as to the testimony of the witness whose unavailability during fall 2020 required the adjournment of trial until 2021.

DE 533.

On December 2, 2020, an indictment was returned in this judicial district (the "EDNY indictment"). Docket Entry ("DE") 1. The first four counts, charging sex trafficking offenses, violations of the Travel Act, and related conspiracies, largely track the charges from the SDNY. *Id.* at 1-4. In addition, however, the EDNY indictment charges a narcotics conspiracy asserting that Andrews and others conspired to possess with intent to distribute more than 28 grams of crack cocaine. *Id.* at 5. An arrest warrant was issued that same day. The day after the EDNY indictment was returned, the Government filed a *nolle prosequi* in the Southern District of New York, noting that "in the interests of justice, the charges in the Southern District of New York against CARL ANDREWS, the defendant, should be dismissed." SDNY DE 594. This filing was, presumably, the Government's response to the venue motion filed in September 2020.

On December 7, defendant was arraigned on the EDNY indictment and held pursuant to a permanent order of detention. DE 7. Based upon a December 4, 2020 application, upon request, this Court reappointed the same CJA defense to defend Andrews and ensure continuity of counsel. DE 3, Electronic Orders dated December 11 & 14, 2020. At an initial conference on January 14, 2021, the Court set trial for May 17, 2021. DE 20. On February 16, 2021, defendant filed the instant motion to dismiss on Speedy Trial grounds, which was not fully briefed until March 25, 2021. DE 16-26.

By letter dated April 12, 2021, the Government sought an adjournment of the trial date, which was denied. DE 31, 34. Trial remains scheduled to begin on May 17, 2021.

**DISCUSSION**

The Government's initial, and arguably principal, response to the motion lies in the contention that this Court should only consider the period beginning with the filing of the indictment in this Court in reviewing the Speedy Trial claims. Obviously, since the time that will elapse between that indictment and the trial here will be approximately six months, such a period could not be seen as offending Sixth Amendment Speedy Trial protections. The Government's argument, however, is predicated solely upon the Supreme Court's decision in *United States v. MacDonald*, 456 U.S. 1, 102 S. Ct. 1497 (1982), and cannot bear much scrutiny.

In *MacDonald*, the defendant, a military physician, was suspected of the brutal murder of his wife and children. *Id.*, 456 U.S. at 3-4. A military investigation followed, leading to a recommendation that charges lodged against MacDonald be dismissed, and he was honorably discharged from the military in 1970. *Id.* at 4-5. Military officials continued their investigation, submitting a report in November 1972 to the Justice Department containing incriminating findings. *Id.* at 5. In August 1974, the Justice Department presented the matter to a grand jury, which subsequently returned an indictment charging MacDonald with the three homicides. *Id.* Before trial, MacDonald moved for dismissal based upon the Speedy Trial Clause of the Sixth Amendment, arguing that the time that elapsed between the November 1972 submission of an investigative report to the Justice Department and the August 1974 convening of a grand jury violated his rights. *Id.*

The *MacDonald* decision begins the analysis as follows:

> The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial...." A literal reading of the Amendment suggests that this right attaches only when a formal criminal charge is instituted and a criminal prosecution begins.

*Id.* at 6. In its argument, the Government attaches particular importance to the Court's statement that the Sixth Amendment "has no application after the Government, acting in good faith, formally drops charges." DE 24 at 21, (quoting *MacDonald*, 456 U.S. at 7). From this, the Government concludes – without citation to authority – that "Andrews must demonstrate that the time between arrest and charge *in this case* and the trial *in this case* has been unconstitutionally delayed." *Id.* at 22 (emphasis original).

This sophism ignores the stark differences between the facts before the Court and those considered in *MacDonald*. Here, the Government arrested and charged the defendant in February 2019, which charges provided the basis for defendant's detention from that time until December 2020. The charges were, in fact, dropped, the day after the very same charges were filed in the Eastern District of New York, and Andrews' continued incarceration was secured. Thus, the Government's argument avoids the distinguishing factors between this case and *MacDonald*, in which the defendant was not held in jail or facing charges. As the *MacDonald* Court noted:

> The speedy trial guarantee is designed to minimize the possibility of lengthy incarceration prior to trial, to reduce the lesser, but nevertheless substantial, impairment of liberty imposed on an accused while released on bail, and to shorten the disruption of life caused by arrest and the presence of unresolved criminal charges.
>
> . . . But with no charges outstanding, personal liberty is certainly not impaired to the same degree as it is after arrest while charges are pending. After the charges against him have been dismissed, "a citizen suffers no restraints on his liberty and is [no longer] the subject of public accusation: his situation does not compare with that of a defendant who has been arrested and held to answer." *United States v. Marion*, 404 U.S., at 321, 92 S.Ct., at 463. Following dismissal of charges, any restraint on liberty, disruption of employment, strain on financial resources, and exposure to public obloquy, stress and anxiety is no greater than it is upon anyone openly subject to a criminal investigation.

*MacDonald,* 456 U.S. at 8-9. By contrast, the defendant here continued to face pre-trial detention, the "disruption of life caused by arrest" and pending criminal charges without interruption since

the day of his arrest in the SDNY. The refiling of charges in this district and the succeeding dismissal did nothing to alter his legal, practical or constitutional situation in any way. Stated another way, there was not a moment during the past two years when the defendant was not facing charges (and, for one day, faced duplicative charges filed in two districts) or during which his liberty was unrestrained.

Further, the prosecution argues that "the Government acted in good faith in formally dismissing its charges against Andrews in the Southern District of New York," and thus "Andrews was 'legally and constitutionally in the same posture as though no charges had been made' with respect to his speedy trial right in this District." DE 24 at 23, (quoting *MacDonald*, 456 U.S. at 10). Actually, he wasn't. As the Government well knows and, in fact, ensured, Andrews's lot remained unaltered by the dismissal of charges in the SDNY: he remained in jail, facing the very same charges, likely in the very same jail cell. There is nothing in the Speedy Trial Clause or its jurisprudence that suggests that the right is specific to a particular judicial district.[1] Finally, the act of dropping the SDNY charges belatedly followed many months of litigation over the Government's tenuous and shifting venue theory, and the Government's dismissal of these charges was, rather than an act of "good faith," merely ministerial in nature.

Based on the foregoing, the Government's argument that the defendant's Speedy Trial right should be measured based solely from the date in which charges were filed in this district, and that the Court should disregard a lengthy period of continuous incarceration arising from the same charges filed in another district, is baseless.

*The Need for Severance*

---

[1] Indeed, under the Government's theory, an individual theoretically could be detained indefinitely without trial through the simple expedient of shifting charges from one judicial district to another.

Having rejected the simple expedient proposed by the Government, analysis of defendant's motion to dismiss becomes far more problematic. Much of the delay here appears attributable to the COVID-19 pandemic, an extraordinary, largely unprecedented phenomenon about which this Court has already written extensively. *See, e.g.*, *United States v. Cohn*, 481 F. Supp. 3d 122 (E.D.N.Y. 2020). The question of characterizing delays attributable to the pandemic proves nettlesome. Furthermore, there are numerous wrinkles here, including the effect of (1) the Government's misplaced and unsupported venue theory, (2) the unexplained delays in responding to venue challenges both at trial and in months of subsequent motion practice and (3) the Government's refusal to consent to a bench trial.

Resolution of these issues requires additional briefing, possible evidentiary submissions and time for adequate review. At this writing, the Court is awaiting additional material from the parties regarding an issue identified in connection with the motion. *See* Electronic Order dated April 21, 2021. Continued postponement of trial in this matter – which has been unduly complicated and subject to significant delay – is simply unacceptable. A trial date has been scheduled for May 17 and, as counsel has been repeatedly advised, will not be adjourned.

As noted earlier, defendant's motion applies only to the pending sex-trafficking charges, and is inapplicable to the narcotics conspiracy charge which did not appear in the SDNY indictment. Thus, the counts can be severed, and the scheduled trial may proceed on the narcotics conspiracy charge.

Rule 14 of the Federal Rules of Criminal Procedure provides as follows:

> If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

Fed. R. Crim. P. 14. "A trial court's decision concerning severance is considered 'virtually unreviewable,' and the denial of such a motion 'will not be reversed unless appellants establish that the trial court abused its discretion.'" *United States v. Thompson*, 2020 WL 6930621, at *8 (W.D.N.Y. Nov. 25, 2020) (quoting *United States v. Cardascia*, 951 F.2d 474, 482 (2d Cir. 1991)). Importantly, in order to avoid prejudice to the defendant or the Government, "a trial court may grant Rule 14 relief sua sponte." *United States v. Alverado*, No. 92 CR. 728 (LMM), 1994 WL 669968, at *3 (S.D.N.Y. Nov. 30, 1994).

In this extraordinary situation, forcing defendant to face trial on charges that may well be subject to dismissal or delaying trial pending resolution of the motion constitutes serious prejudice to the defendant. Remedying this prejudice through severance outweighs the interests of the Government and the public in the efficiency of a joint trial of the charges. Moreover, by taking this step now, counsel for both the defendant and the Government will have adequate time to prepare for trial, the scope of which may have been altered by this Order.

## CONCLUSION

Based on the foregoing, Count Five of the EDNY indictment, along with the corresponding portion of the Criminal Forfeiture count, will be severed from the remaining charges. Trial is to begin on Count Five and related forfeiture provisions on May 17, 2021. If appropriate, the remaining charges will be set for trial following resolution of the pending Speedy Trial Clause motion.

**SO ORDERED:**

Dated: Central Islip, New York
April 23, 2021

/s/ Gary R. Brown
Gary R. Brown
United States District Judge